**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIA NAVARRO,**

    **Plaintiff,**

**v.**                              **CASE NO.:**

**FANATICS RETAIL GROUP**
**FULFILLMENT, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIA NAVARRO, by and through undersigned counsel, brings this action against Defendant, FANATICS RETAIL GROUP FULFILLMENT, LLC ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.; and particularly 29 U.S.C. § 1140, to redress Defendant's unlawful act of terminating Plaintiff's employment was done pretextually and with the purpose of interfering with a right to which plaintiff would have become entitled under an employee benefit plan.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Riverview, Hillsborough County, Florida.

## PARTIES

4.      Plaintiff is a resident of Tampa, Hillsborough County, Florida, and she worked for Defendant in Hillsborough County, Florida.

5.      Defendant is a Florida limited liability company duly authorized to conduct business in Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      Plaintiff is, and at all times relevant to this action is, a "participant" in the defendant's employee benefit plans as defined by 29 U.S.C. § 1002(7).

10.     The defendant is an employer engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1002(5), (12). Defendant is both the "administrator," 29 U.S.C. § 1002(16)(A), and the "plan sponsor," 29 U.S.C. § 1002(16)(B) of the Defendant's Employee Benefits Plan.

11.     The Defendant has maintained and does maintain various employment benefit plans, including a comprehensive health insurance plan for all permanent full-time exempt employees, disability insurance, life insurance with benefits continuing for employees who retire under Defendant's Retirement Plan or who become permanently and totally disabled, and a Retirement Plan.

12.     Defendant's Plan described herein, is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3) and 29 U.S.C. Section 1140.

**FACTS**

13.     Plaintiff began working for Defendant on or around September 1987 as a Human Resource Manager, and she worked in this capacity until her termination on or about April 2018.

14.     At all times relevant to this Complaint, Plaintiff performed her job duties in a satisfactory and competent manner that was acceptable to Defendant.

15.     At all times relevant, Plaintiff was a participant in Defendant's Retirement Plan and Group Insurance Plans.

16.     On or about 2014, Plaintiff was diagnosed with Stage 4 colon cancer.

17.     On or about May 2017, Defendant's company was acquired by a different owner.

18.     After the company came under new ownership, Defendant's new owner began to harass Plaintiff about the costs of her medical treatment.

19.     For example, Defendant told Plaintiff that he did not want to continue paying for her medical treatment, that Plaintiff's medical treatment was costing Defendant too much money, and that Plaintiff was not worth the cost of her continued insurance under Defendant's plan.

20.     To this day, Plaintiff's illness requires ongoing and expensive medical treatment.

21.     On or about April 2018, Defendant retaliated against Plaintiff because she exercised her rights under Defendant's employee benefit, retirement, and insurance plans by terminating her employment.

## COUNT I – ERISA VIOLATION

22. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. Defendant purposefully interfered with Plaintiff's right to continued health benefits under Defendant's employee benefit plan and purposefully interfered with Plaintiff's expectancy interest in life and disability insurance benefits under Defendant's insurance and retirement plans by terminating Plaintiff's employment because she exercised her rights pursuant to ERISA.

24. Defendant's interference caused Plaintiff to lose substantial health insurance benefits, life insurance benefits, retirement benefits, wages, and other fringe benefits of employment.

*WHEREFORE*, Plaintiff demands:

      (a)    Full legal and equitable relief under ERISA, including back pay, reinstatement to plaintiff's position as an employee of defendant, restitution of plaintiff's lost employee benefits, restoration of plaintiff's seniority, prejudgment interest, etc.

      (b)    Compensatory damages;

      (c)    Attorney's fees and costs; and

      (d)    All other relief that the law and equity allow.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ⟨signature⟩ day of June, 2018.

Respectfully submitted,

⟨signature⟩

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**